ALBANY,
Jan. 1813.

CLOSE
v.
MILLER.

———————◆———————

CLOSE *against* MILLER.

In an action on a promissory note, for 100 dollars; the defendant pleaded in bar, that in consideration that the plaintiff had promised and agreed to sell and deliver to him a certain vessel, and to execute and deliver to him a bill of sale, &c. the defendant promised to pay the plaintiff, 200 dollars in cash, and 100 dollars, on the 1st October thereafter, and the defendant, accordingly, paid the plaintiff

THIS was an action of *assumpsit*, on a promissory note, dated the 14th *May*, 1810, by which the defendant promised to pay the plaintiff, on or before the 1st *October* next, 100 dollars.

The defendant pleaded that on the 14th *May*, 1810, at, &c. in consideration that the plaintiff had, then and there, promised and agreed to sell and deliver to him, a certain sloop or vessel, &c. which the plaintiff, then and there, falsely and fraudulently declared and affirmed to be the sole and exclusive property of the plaintiff; and in consideration that the plaintiff had, then and there, promised to execute and deliver to the defendant a good and sufficient bill of sale, &c. of the vessel, he, the defendant, promised to pay to the plaintiff 300 dollars, to wit, 200 dollars in cash, and 100 dollars on the 1st *October* next thereafter; and that the defendant, pursuant to such promise and agreement, paid to the plaintiff the sum of 200 dollars, and made and delivered to him a note for 100 dollars, payable, &c. which is the same note mentioned in the plaintiff's declaration; that the plaintiff sold and delivered to

200 dollars, and gave to him a promissory note for 100 dollars, which is the same note on which, &c.; but that the plaintiff, though he delivered the vessel, did not execute a bill of sale, &c. whereby the defendant could not obtain a license, or lawfully sail or use the vessel, &c. By reason whereof the consideration of the note had failed, &c.

On demurrer, it was *held* that the plea was bad; and that the promises were mutual, and the one being in consideration of the other, the plaintiff was entitled to recover on the note, without showing a performance of the promise on his part.

the defendant the sloop, but did not execute and deliver a bill of sale, &c. transferring the sole property in the said sloop to the defendant; that the plaintiff was not the sole owner of the said sloop, &c. but one *Close* was a joint owner with him, &c. and the said sloop was registered in their joint names, &c. by reason whereof the defendant had not been able to obtain a license, &c. for the said sloop, and was prevented from sailing and using her, &c. Whereby the consideration of the said note had failed, &c. &c.

<em>ALBANY,</em><br/>Jan. 1813.<br/>SMITH<br/>v.<br/>COLSON.

To this plea the plaintiff demurred, and the defendant joined in demurrer: and the same was submitted to the court without argument.

*Per Curiam.* The plea discloses a sufficient consideration for the note, by stating that it was given in consideration of a promise by the plaintiff to sell, &c. This was a case of mutual promises, where the one is a consideration for the other, and a performance of the plaintiff's promise need not be averred and shown, to entitle him to recover. The cases of *Martindale* v. *Fisher*, (1 *Wils.* 88. and of *Nichols* v. *Rainbred*, (*Hob.* 88.) are in point. If the plaintiff has failed in the performance of his promise, the defendant has a remedy by a suit upon that promise; but it would be altogether unprecedented and unfit to enter, in this suit, into an examination and trial of the plaintiff's default, as to his undertaking, so long as the performance of one promise was not made a condition of the performance of the other. This is not a case of a set-off.

Judgment for the plaintiff.